Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE N. YUHASZ,<br><br>*Plaintiff,*<br><br>v.<br><br>WELLCARE HEALTH PLANS OF NEW JERSEY, INC., et al.,<br><br>*Defendants.* | Civil Action No. 18-17110<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court are motions to dismiss the Amended Complaint filed by the following: (1) Defendant WellCare Health Plans of New Jersey, Inc. ("WellCare"), D.E. 12; (2) Defendants Prime Rehabilitation ("Prime Rehabilitation") and Dana Boyle, D.E. 13; and (3) Defendants Tatyana Marx, M.D., and Neurology Specialists of Morris County, LLC ("Neurology Specialists"), D.E. 28.[1] Plaintiff Joanne N. Yuhasz did not oppose any of Defendants' motions.[2] For the reasons that follow, Defendants' motions are **GRANTED**.

---

[1] WellCare's brief in support of its motion to dismiss (D.E. 12-1) will be referred to as "WellCare Br."; Prime Rehabilitation and Boyle's brief in support of their motion to dismiss (D.E. 13) will be referred to as "Prime Rehab. Br."; and Marx and Neurology Specialists' brief in support of their motion to dismiss (D.E. 28-4) will be referred to as "Neurology Specialists Br.".

[2] On June 26, 2019, Plaintiff asked, among other things, to oppose Defendants' motions "on a staggering basis." D.E. 38. This Court denied this request but provided Plaintiff until August 19, 2019 to file any opposition to the pending motions. D.E. 42. Plaintiff did not do so.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joanne N. Yuhasz brings this suit on behalf of herself and her mother, Diana S. Yuhasz. Plaintiff alleges that she has "full legal Power of Attorney and Medical Authorization" on behalf of her mother, whose alleged injuries are the primary subject of this matter. Am. Compl. ¶ 17, D.E. 1-1. Plaintiff's mother is a 95-year-old woman who, from in or around September 2015 until at least November 2016, resided at Regency Grande Post-Acute Nursing & Rehabilitation Center. *Id.* ¶¶ 22, 100. Plaintiff alleges that Defendant WellCare refused to provide "medically-necessary 'skilled care'" therapy. *Id.* ¶ 21. Moreover, at various times, Plaintiff's mother was denied treatment because she "did not possess the cognitive ability to receive physical therapy." *Id.* ¶ 83. When her mother did receive such treatment, Plaintiff further alleges, the therapies were wrongfully terminated on the basis of her mother's potential for improvement rather than her need for the skilled care therapies. *Id.* ¶ 102. As a result of Defendants' conduct, Plaintiff alleges that her mother suffered serious bodily injuries including impairment of her physical and mental faculties. *Id.* ¶ 123. Plaintiff further alleges two distinct injuries to herself: (1) expenses she incurred because of the denial of care and benefits to her mother, and (2) intentional infliction of emotional distress. *Id.* ¶¶ 79, 81, 131–32, 152–55.

Plaintiff filed the Amended Complaint in state court on October 17, 2018, asserting eleven claims against Defendants including theories of breach of contract, intentional infliction of emotional distress, tortious interference with medical treatment, and others. In the Amended Complaint, Plaintiff seeks monetary compensation for the "skilled care" denied her mother, compensatory and punitive damages, special damages, interest, and attorney's fees. On December 12, 2018, Defendant Centers for Medicare & Medicaid Services ("CMS") removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1). D.E. 1. On January 30, 2019, this Court filed a

stipulation between the parties that dismissed all claims asserted against CMS. D.E. 11. Consequently, CMS is no longer a defendant in this matter. The remaining Defendants subsequently filed the instant motions to dismiss. D.E. 12, 13, 28.

## II. LEGAL STANDARD

In all of the pending motions to dismiss, Defendants argue, among other things, that the Amended Complaint should be dismiss due to a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)[3] and because Plaintiff fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Rule 12(b)(1)

To decide a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Here, in seeking dismissal for lack of subject matter jurisdiction, the parties rely solely on Plaintiff's allegations in the Amended Complaint. Accordingly, Defendants present a facial attack. As a result, like a Rule

---

[3] In arguing that Plaintiff lacks standing here, Prime Rehabilitation relies extensively on New Jersey law that governs standing in state court. Because this case was removed to this Court and Plaintiff has conceded that there is subject matter jurisdiction (D.E. 38), federal law governing Article III standing applies rather than New Jersey's more liberal state law standard for standing. *See Goode v. City of Philadelphia*, 539 F.3d 311, 321 (3d Cir. 2008) ("Thus, even if Pennsylvania state law would have afforded appellants standing if they had brought this action in state court, we must ensure that they satisfy the federal requirements for standing as well.").

12(b)(6) motion to dismiss, "the Court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B. Rule 12(b)(6)**

Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

In addition, the Court notes that Plaintiff here is proceeding *pro se*. Courts have an obligation to liberally interpret a *pro se* litigant's pleadings. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Courts should thus apply the relevant legal principle even when the complaint has failed to name it. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Nevertheless, *pro*

4

*se* litigants must still allege sufficient facts to support their claims. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

### A. Lack of Standing

The standing requirements ensure that Plaintiff is the correct party to bring this suit and are a prerequisite for establishing that this Court has subject matter jurisdiction to preside over this matter. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish Article III standing, Plaintiff must demonstrate three elements: "First, an injury in fact, or an invasion of a legally protected interest that is concrete and particularized. Second, a causal connection between the injury and the conduct complained of[.] And third, a likelihood that the injury will be redressed by a favorable decision." *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (citations and internal quotations omitted). The party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

There are two issues relevant to whether Plaintiff has standing in this instance: (1) whether Plaintiff has standing to sue, *pro se*, on behalf of her mother by virtue of her alleged power of attorney; and (2) if not, whether Plaintiff has standing to sue individually. The Court will address each in turn.

#### 1. Power of Attorney

Defendants argue that Plaintiff does not have standing to sue in her own name, on behalf of her mother, because the power of attorney does not convey the ability to conduct legal proceedings on behalf of a principal. Defendants are correct. Plaintiff is appearing in this matter *pro se*. She alleges that she has "full legal Power of Attorney and Medical Authorization" on behalf of her mother, whose injuries are the primary subject of this matter. Am. Compl. ¶ 17.

Plaintiff produced no evidence to corroborate her claim of power of attorney. But even if Plaintiff did, it would be insufficient to establish Plaintiff's standing to pursue claims on her mother's behalf.

A power of attorney "'does not transfer an ownership interest in the claim' but simply confers on the agent the authority to act on behalf of the principal." *Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018) (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008); *In re Bankers Trust Co.*, 752 F.2d 874, 881 (3d Cir. 1984)); *see also Roby v. Ocean Power Techs., Inc.*, No. 14-3799, 2015 WL 1334320, at *10 (D.N.J. Mar. 17, 2015) ("[S]tanding alone, a power of attorney does not enable the grantee to bring suit in his own name."). Accordingly, Plaintiff cannot bring suit in her own name based on a power-of-attorney granted by her mother.

"However, an attorney-in-fact may bring a claim in a representative capacity." *Med-X Glob., LLC v. Azimuth Risk Sols., LLC*, No. 17-13086, 2018 WL 4089062, at *3 (D.N.J. Aug. 27, 2018). In New Jersey, a power of attorney is governed by the Revised Durable Power of Attorney Act, N.J.S.A. 46:2B-8.1, *et seq.* The Act provides that "the principal authorizes another individual . . . known as the attorney-in-fact to perform specified acts on behalf of the principal as the principal's agent." N.J.S.A. 46:2B-8.2(a). These "specified acts" may include conducting legal affairs, including retaining a lawyer or authorizing a lawyer to act for the principal's benefit. *Marsico v. Marsico*, 436 N.J. Super. 483, 488 (2013). An attorney-in-fact differs from an attorney-at-law in that they need not be a lawyer. A non-lawyer attorney-in-fact, however, cannot represent the principal without a law license.[4] *Id.* at 488 n.1. In this instance, Plaintiff does not appear to

---

[4] A person not licensed to practice law may prosecute or defend an action in New Jersey courts only "if the person (1) is a real party in interest to this action or the guardian of the party; or (2)

6

have a law license. Thus, Plaintiff cannot bring claims in a representative capacity pursuant to New Jersey law.

In addition, a party may bring claims and defend herself in federal court *pro se*. 28 U.S.C. § 1654. Federal courts, however, "'routinely adhere[] to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *In re Radogna*, 331 F. App'x 962, 964 (3d Cir. 2009) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008)). Therefore, although a power of attorney may "confer[] certain decision-making rights under state law, . . . it does not allow [plaintiff] to litigate *pro se* on behalf of [her] mother in federal court." *Id.*; *see also Yoder v. Good Will Steam Fire Engine Co. No. 1*, 740 F. App'x 27, 28 (3d Cir. 2018) (affirming decision that plaintiff "could not assert claims on behalf of her family members, over whom she claims to have power of attorney"). Accordingly, Plaintiff lacks standing to assert claims on her mother's behalf.

### 2. Plaintiff's Standing to Sue Individually

In addition to bringing each claim by virtue of the power-of-attorney, Plaintiff also asserts the claims on an individual basis. Plaintiff asserts two claims regarding injuries that she personally sustained: one involving incurred expenses and the other for intentional infliction of emotional distress. In relevant part, Plaintiff alleges that her health has been severely and adversely affected and that she was "compelled to seek medical treatment at the emergency room" (Am. Compl. ¶ 69); and that she "expended over $800 buying an IPad and speech applications and other items to attempt to provide the medically-necessary 'skilled care' treatment for her mother" (*id.* ¶ 81).

---

has been admitted to speak *pro hac vice* . . . ; (3) is a law student or law graduate . . . ; or (4) is an in-house counsel . . . ." R. 1:21-1(a)(4).

7

As stated above, to establish Article III standing, Plaintiff must first demonstrate that she suffered an injury-in-fact. *Lujan*, 504 U.S. at 560. Such an injury must constitute an invasion of a "concrete and particularized" legally protected interest and be "actual or imminent, not conjectural." *Id.* (internal quotations omitted). "The contours of the injury-in-fact requirement, while not precisely defined, are very generous, requiring only that claimant allege some specific, identifiable trifle of injury." *In re Horizon Healthcare*, 846 F.3d at 633 (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)) (alterations omitted). "[G]eneral factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561. A plaintiff must also show a causal connection between the injury and the challenged actions of Defendants. *Id.* at 560. Finally, a plaintiff must demonstrate that her injury is redressable, or in other words, "that she 'personally would benefit in a tangible way from the court's intervention.'" *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 482 (3d Cir. 2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 508, (1975)).

The majority of Plaintiff's claims involve Defendants' failure to provide Plaintiff's mother with appropriate care. Plaintiff alleges, among other things, that Defendants breached an implied contract to provide her mother with medically necessary skilled care, and negligently interfered with her mother's medical care. These claims involve harm to Plaintiff's mother. To establish standing, "[a] litigant must assert his or her own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991). Therefore, Plaintiff lacks standing to personally assert claims involving the lack of medical care provided to her mother. *See, e.g., Dougherty v. Adams-Dougherty*, No. 15-8541, 2016 WL

5219460, at *3 (D.N.J. Sept. 21, 2016) (dismissing allegations involving alleged constitutional harms to the plaintiff's brother for lack of standing).

As for Plaintiff's allegations regarding costs she personally incurred to care for her mother, these allegations stem from Defendants' failure to provide her mother with medically necessary skilled care pursuant to N.J.S.A. 30:13-1, *et seq.* and 42 C.F.R. § 483.1, *et seq.* While allegations of financial harm generally satisfy the injury-in-fact requirement (*see Cottrell v. Alcon Labs.*, 874 F.3d 154, 163 (3d Cir. 2017)), the analysis here is different because Plaintiff's claims implicate Medicare. Plaintiff is essentially claiming a right to payment of Medicare benefits on behalf of her mother. Except under limited circumstances not applicable here, 42 C.F.R. § 424.86 prohibits Medicare from paying amounts due to a beneficiary to any other person, including through a power of attorney. 42 C.F.R. § 424.86(a). Therefore, Plaintiff has no legally protected interest in costs she personally incurred to care for her mother as she is not the proper party to recover the alleged wrongfully incurred costs. Accordingly, Plaintiff lacks standing to assert these claims.[5]

Plaintiff also alleges that Defendants intentionally, knowingly, or recklessly inflicted emotional distress upon Plaintiff. Concrete emotional distress satisfies the injury-in-fact requirement. *See Freedom from Religious Found. Inc.*, 832 F.3d at 480 n.12 (noting that for Article

---

[5] The Court also notes that "42 U.S.C. § 405(g) provides the Court with jurisdiction over claims arising under the Medicare Act, which are appropriately before the court only after having been fully exhausted during the administrative process as required under Section 405(g)." *Taransky v. Sebelius*, 956 F. Supp. 2d 563, 568 (D.N.J. 2013). "Claims 'arise under' the Medicare Act when the Act provides 'both the substance and standing for the claims.'" *Id.* (quoting *Fanning v. United States*, 346 F.3d 386, 396 (3d Cir. 2003)). As discussed, Plaintiff contends that her mother was entitled to receive medically necessary skilled care pursuant to the Medicare Act and its implementing regulations. *See* Am. Comp. ¶ 113. Accordingly, Plaintiff's claims arise under the Medicare Act. Plaintiff, however, makes no mention of any administrative appeals and Defendant WellCare contends that Plaintiff failed to exhaust her administrative remedies. D.E. 18 at 2. Accordingly, it appears that even if Plaintiff did have standing, the Court would lack subject matter jurisdiction over the majority of her claims as a result of § 405(g).

9

III standing purposes there is no difference between tangible and intangible harms). Thus, Plaintiff has standing to assert her emotional distress claims.

### B. Failure to State a Claim

Plaintiff's remaining claims are for the intentional infliction of emotional distress. Am. Compl. ¶¶ 130-35; 151-56. Plaintiff fails to state a claim for intentional infliction of emotional distress as to any Defendant. To plead a *prima facie* claim for intentional infliction of emotional distress under New Jersey law, a plaintiff must establish that Defendants intended to cause emotional distress; that the conduct was extreme and outrageous; that the actions proximately caused emotional distress; and that the emotional distress was severe. *Van Tassel v. Ocean County*, No. 16-4761, 2017 WL 5565208, at *8 (D.N.J. Nov. 17, 2017). Plaintiff's allegations as to this tort are conclusory; Plaintiff fails to provide the necessary factual support demonstrating that any of the Defendants intended to cause emotional harm, that their conduct was extreme or outrageous, or that Plaintiff's emotional distress was severe. As a result, Plaintiff's intentional infliction of emotional distress claims are dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED** and this matter is dismissed without prejudice.[6] Plaintiff has thirty (30) days to file an amended complaint consistent with this Opinion. If Plaintiff fails to do so, then the dismissal will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: September 5, 2019

John Michael Vazquez, U.S.D.J.

---

[6] On July 19, 2019, Defendants Marx and Neurology Specialists filed an additional motion to dismiss for failure to comply with N.J.S.A. 2A:53A-27. D.E. 40. Because these Defendants' first motion to dismiss is granted, their July 19 motion is denied as moot.